UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

MIKE J. O'DONNELL,

Petitioner,

v.

STATE OF MINNESOTA,

Respondent.

Civil No. 00-2770 (MJD/JMM)

REPORT AND RECOMMENDATION

THIS MATTER is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254. These proceedings have been referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons discussed below, it is recommended that the petition be summarily dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1]

## I. BACKGROUND

On March 16, 1993, Petitioner pleaded guilty to state criminal charges -- the nature of which is not disclosed on the face of his present petition. He was later sentenced to 88 months in state prison. According to Petitioner, the State of Minnesota is still holding him in custody, even though he has now served his full prison sentence. He is currently confined at the Minnesota Security Hospital in St. Peter, Minnesota.

---

[1] The applicable language in Rule 4 provides as follows:

"If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."

FILED JAN 17 2001
... DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

As far as the Court can tell, Petitioner never appealed his state criminal conviction or sentence, nor has he otherwise challenged his original conviction or sentence in any post-conviction motion or other state court proceeding. It further appears that Petitioner has never initiated any state court proceedings challenging the validity of his current, post-sentence, confinement at the Minnesota Security Hospital.

In his present application for habeas corpus relief, Petitioner seems to be challenging both his original conviction and sentence, and his continuing confinement at the Minnesota Security Hospital. He claims that (1) his continuing confinement violates the terms of his original plea agreement; (2) his original guilty plea was invalid because his Miranda rights were violated; (3) his guilty plea was invalid because the prosecuting attorney improperly contacted certain defense witnesses and allegedly told them not to testify on Petitioner's behalf; (4) his guilty plea was coerced; and (5) his original conviction should be set aside because he received ineffective assistance of counsel. These claims will not be addressed on the merits, however, because the Court finds that (a) to the extent Petitioner is challenging his original guilty plea and conviction, the instant petition is time-barred, and (b) to the extent Petitioner is challenging his continuing, i.e., post-sentence, confinement at the Minnesota Security Hospital, he has failed to exhaust his available state court remedies.

## II. DISCUSSION

### A. Time-barred Claims

On April 24, 1996, President Clinton signed the Anti-terrorism and Effective Death Penalty Act ("AEDPA"), which effected significant changes in the federal habeas

corpus statutes. One of those changes appears at 28 U.S.C. § 2244(d), which establishes a one-year statute of limitations for habeas corpus petitions filed by state prisoners seeking federal court review of a conviction or sentence. This new statute provides that:

> "**(d)(1)** A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> **(d)(2)** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted."

In the instant case, Petitioner's judgment of conviction was entered on April 27, 1993. (Petition, p. (2), § 2.) Because he did not take a direct appeal, (Petition, p. (2), § 8), the judgment of conviction became final, for statute of limitation purposes, upon "the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).[2] According to

---

[2] There is nothing here to suggest (nor Petitioner does contend) that clauses (B), (C) or (D) of subsection 2244(d)(1) would have any applicability in this case. In other words, there is no suggestion that the state created any impediment that prevented Petitioner from pursuing his legal challenges sooner, nor is there any suggestion that

the Minnesota Rules of Criminal Procedure, "[a]n appeal by a defendant shall be taken within 90 days after final judgment or entry of the order appealed from in felony and gross misdemeanor cases...." Rule 28.02, subd. 4(3). Thus, the deadline for seeking direct appellate review of Petitioner's conviction was July 26, 1993 -- 90 days after judgment was entered.

Applying 28 U.S.C. § 2244(d)(1)(A), the one-year statute of limitations should have begun to run in this case upon the expiration of the deadline for filing a direct appeal; i.e., on July 26, 1993. However, the Eighth Circuit Court of Appeals has held that the limitations period found in § 2244(d)(1) never begins to run any earlier than the date when the statute was enacted, which was April 24, 1996. Nichols v. Bowersox, 172 F.3d 1068, 1073 (8th Cir. 1999). Therefore, even though Petitioner's conviction became final, for purposes of § 2244(d)(1)(A), on July 26, 1993, the statute of limitations did not actually began to run in this case until April 24, 1996. This means, or course, that the limitations period did not expire until April 24, 1997. Id. See also, Ford v. Bowersox, 178 F.3d 522, 523 (8th Cir. 1999) ("[i]n applying § 2244(d)(1) to cases where, as here, the judgment became final before the enactment of AEDPA on April 24, 1996, this Court has adopted a one-year grace period, ending April 24, 1997, for the filing of habeas petitions").

Petitioner did not file his present petition, however, until December 26, 2000, which was more than four and a half years after the statute of limitations began to run in this case, and more than three and a half years after the limitation period expired. It

---

Petitioner's claims are based on any newly-recognized constitutional right or newly-discovered evidence.

therefore plainly appears that, to the extent Petitioner is attempting to challenge his original guilty plea, conviction and/or sentence, his petition is time-barred.[3]

B. Unexhausted Claims

To the extent that Petitioner is challenging the validity of his post-sentence confinement, his claims must be dismissed because he has failed to exhaust his available state court remedies.

It is well-settled that a federal court may not entertain a petition for a writ of habeas corpus on behalf of a person in state custody unless that person has first exhausted all available state court remedies. 28 U.S.C. § 2254(b); O'Sullivan v. Boerckel, 119 S.Ct. 1728, 1731 (1999); Rose v. Lundy, 455 U.S. 509 (1982). This exhaustion of state remedies requirement is based on the principles of comity and federalism; its purpose is to ensure that state courts are given the first opportunity to correct alleged federal constitutional errors raised by individuals in state custody. O'Sullivan, 119 S.Ct. at 1731; Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam); Rose v. Lundy, 455 U.S. at 518-19; Smittie v. Lockhart, 843 F.2d 295, 298 (8th Cir. 1988).

---

[3] The Court has not overlooked the tolling clause set forth in 28 U.S.C. § 2244(d)(2). That subsection of the statute provides that the running of the statute of limitations is tolled during the time when a "properly filed application for State post-conviction" relief is pending in the state courts. The tolling clause cannot save the instant petition, however, because it does not appear that Petitioner ever pursued a state post-conviction motion. His petition suggests that he wanted to seek such relief, but his attorney ("the state public defenders' office") advised him that he had no grounds for doing so. (Petition, p. (4), § 11.) Thus, Petitioner has not identified any "properly filed" application for state post-conviction relief that could have tolled the statute of limitations pursuant to § 2244(d)(2).

To exhaust his state court remedies, a state detainee must fairly present his constitutional claims to the highest available state court before seeking relief in federal court. O'Sullivan, supra; Duncan, supra; McCall v. Benson, 114 F.3d 754, 757 (8th Cir. 1997) ("before we may reach the merits of a habeas petition, we must first determine whether the petitioner has fairly presented his federal constitutional claims to the state court"). The exhaustion requirement is not satisfied unless the habeas petitioner has raised all of his claims at every available level of the state court appeal process. O'Sullivan, 119 S.Ct. at 1732 ("[b]ecause the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts,... state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process") (emphasis added).

In this case, it clearly appears that Petitioner has not satisfied the exhaustion of state remedies requirement with respect to any claims pertaining to his ongoing post-sentence confinement. If Petitioner is presently being detained by persons acting under color of state law, in violation of his federal constitutional rights, (which is what the petition seems to allege), then he should be able to seek habeas corpus relief in state court under Minn. Stat. §§ 589.01 et seq.[4] See State ex rel. Anderson v. U.S. Veterans Hospital, 128

---

[4] Minn.Stat. § 589.01 provides that:

> "A person imprisoned or otherwise restrained of liberty, except persons committed or detained by virtue of the final judgment of a competent tribunal of civil or criminal jurisdiction, or by virtue of an execution issued upon the judgment, may apply for a writ of habeas corpus to obtain relief from

N.W.2d 710, 714 (Minn. 1964) (recognizing that state habeas procedures are available to individuals who claim to be unconstitutionally detained in state hospitals). Furthermore, a state trial court order denying a habeas corpus petition can be appealed to the Minnesota Court of Appeals; and if the Court of Appeals does not grant relief, further review can be sought in the Minnesota Supreme Court. Minn.Stat. § 589.29; Minn. R. App. P. 117.

Thus, to the extent that Petitioner is challenging the constitutionality of his present confinement at the Minnesota Security Hospital, the Court concludes that there are still state court remedies available to him. This means that Petitioner has not satisfied the exhaustion requirement imposed by 28 U.S.C. § 2254(b), and that his current habeas claims pertaining to his ongoing detention cannot be entertained at this time. It will therefore be recommended that, to the extent that Petitioner is challenging his current detention at the Minnesota Security Hospital, his claims should be summarily dismissed. It will be further recommended, however, that such claims should be dismissed without prejudice, so that Petitioner's challenges to his post-sentence confinement can be brought back to federal court, if necessary, after such challenges have been fairly presented to, and decided on the merits by, the Minnesota state courts -- including the Minnesota

---

> imprisonment or restraint. For purposes of this section, an order of commitment for an alleged contempt or an order upon proceedings as for contempt to enforce the rights or remedies of a party is not a judgment, nor does attachment or other process issued upon these types of orders constitute an execution."

If Petitioner is being held pursuant to a state court judgment of conviction, then he should be able to seek post-conviction relief under Minn.Stat. §§ 590.01 et seq.

Supreme Court. See Gray v. Hopkins, 986 F.2d 1236, 1237 (8th Cir.), cert. denied, 510 U.S. 839 (1993).[5]

## III. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Petitioner's Application for a Writ of Habeas Corpus, (Docket No. 1), be summarily denied;

2. Petitioner's claims pertaining to the validity of his original guilty plea, conviction and sentence be dismissed with prejudice because they are time-barred;

3. Petitioner's claims pertaining to the constitutionality of his current detention at the Minnesota Security Hospital be dismissed without prejudice based on Petitioner's failure to exhaust all available state court remedies;

4. Petitioner's self-styled "Complaint," (Docket No. 2), be dismissed;

5. Petitioner's "Injunctive Relief Order Request," (Docket No. 3), be denied; and

6. This action be dismissed.

Dated: January 16, 2001

JOHN M. MASON
United States Magistrate Judge

---

[5] Plaintiff has also filed a self-styled "Complaint," (Docket No. 2), and a document entitled "Injunctive Relief Order Request," (Docket No. 3). In light of the Court's recommendation regarding Petitioner's habeas corpus claims, it will be recommended that Petitioner's "complaint" be dismissed, and that his request for injunctive relief be denied.

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties on or before February 2, 2001, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.